IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SYLVANTUS MOSES,

        Plaintiff

vs.                          Civil Action No.: 04CV-12534-REK

SPRINGFIELD TERMINAL
RAILWAY COMPANY,

        Defendant

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this Court's Order, Thomas J. Joyce, III and Michael McDevitt, representing Plaintiff, and James J. Walsh, representing the Defendant, met on March 8, 2005, pursuant to Rule 26(f) to discuss:

    (1)    the nature and basis of their claims and defenses;

    (2)    the possibility for a prompt settlement or resolution of this case;

    (3)    to make or arrange for the disclosures required under Rule 26(a)(1); and

    (4)    to develop a discovery plan.

To that end, the parties propose the following:

    A.    The issues in this case may be simplified by taking the following steps:

        1.    The parties will exchange written Interrogatories and Request for production of Documents;

        2.    Defendant will take Plaintiff's discovery deposition;

        3.    Plaintiff will be made available for defense medical examination;

        4.    Plaintiff will take the discovery deposition of Defendant's Safety Director, and Medical Director; and

        5.    The parties will conduct site inspection of Plaintiff's workplace.

B.    The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

        1.    None

C.    Discovery will be needed on the following subjects:

        1.    Plaintiff's work history;

        2.    Plaintiff's medical history;

        3.    Plaintiff's exposure to risk factors for repetitive traumatic occupational injuries;

        4.    Defendant's ergonomics program to prevent occupational injuries;

        5.    Causation; and

        6.    Plaintiff's economic and non-economic damages

D.    Discovery should be conducted in phases.

E.    Discovery is not likely to be contentious and management of discovery should be referred to the Magistrate Judge.   YES **X**   NO____

F.    The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G.    The parties will discuss the possibility of alternative dispute resolution mediation.

H.  The parties have discussed a prompt settlement or other resolution of this matter.  The Plaintiff has made a written demand of $150,000.00, and the Defendant has offered $0.

I.  The Court should consider the following methods of expediting the resolution of this matter:  A settlement conference following completion of discovery.

[PAGE INTENTIONALLLY SHORT]

Dated: March 8, 2005

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| _____ | _____ |
| Thomas J. Joyce, III, Esq.<br>HANNON & JOYCE<br>Public Ledger Building, Suite 1000<br>150 S. Independence Mall West<br>Philadelphia, PA   19106<br>215-446-4460 | James J. Walsh, Esq.<br>Herlihy, Thursby and Herlihy<br>133 Federal Streey<br>Boston, MA  02110<br>617/ 426-6100 |
| Michael J. McDevitt, Esq.<br>Lawson & Weitzen<br>88 Black Falcon Avenue, Suite 345<br>Boston, MA   02210<br>617-439-4990<br>Local Counsel for Plaintiff | |